Justice Ginsburg,
with whom
Justice Breyer joins, dissenting.
The Court of Appeals, reviewing the record so far made, determined that “[t]he evidence of retaliatory motive [came] close to the proverbial smoking gun.” 388 F. 3d 871, 884 (CADC 2004). The record also indicated that the postal inspectors engaged in “unusual prodding,” strenuously urging a reluctant U. S. Attorney’s Office to press charges against Moore. Ibid. Following Circuit precedent, the Court of Appeals held that “once a plaintiff shows [conduct sheltered by the First Amendment] to have been a motivating factor in the decision to press charges,” the burden shifts to the defending officials to show that the case would have been pursued anyway. Id., at 878.
Recognizing that this case is now directed against the instigating postal inspectors alone, not the prosecutor, I would not assign to the plaintiff the burden of pleading and proving the absence of probable cause for the prosecution. Instead, in agreement with the Court of Appeals, I would assign to the postal inspectors who urged the prosecution the burden of showing that, had there been no retaliatory motive and importuning, the U. S. Attorney’s Office nonetheless would have pursued the case.
Under the Court’s proof burden allocation, which saddles plaintiff — the alleged victim — with the burden to plead and prove lack of probable cause, only entirely “baseless prosecu *267 tions” would be checked. Id., at 879. So long as the retaliators present evidence barely sufficient to establish probable cause and persuade a prosecutor to act on their thin information, they could accomplish their mission cost free. Their victim, on the other hand, would incur not only the costs entailed in mounting a defense, he likely would sustain a reputational loss as well, and neither loss would be compensable under federal law. Under the D. C. Circuit’s more speech-protective formulation, “[a] Bivens [v. Six Unknown Fed. Narcotics Agents, 403 U. S. 388 (1971),] recovery remains possible ... in those rare cases where strong motive evidence combines with weak probable cause to support a finding that the [investigation and ensuing] prosecution would not have occurred but for the [defending] officials’ retaliatory animus.” Id., at 881. That such situations “are likely to be rare,” it seems to me, does not warrant “structuring a cause of action,” ante, at 264, that precludes relief when they do arise.
For reasons fully developed in the D. C. Circuit’s opinion, I conclude that, in full accord with this Court’s decision in Mt. Healthy City Bd. of Ed. v. Doyle, 429 U. S. 274, 287 (1977), the Court of Appeals’ decision strikes the proper balance. I would, therefore, affirm the Circuit’s judgment.